**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA MILTON, DEMITRIOS MAVROGIORGOS-SPENCER and AMANDA CALVERT, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | Case No. 1:20-cv-03089 <br><br> Judge Virginia M. Kendall <br><br> Magistrate Judge Jeffrey Cole |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT THE BOEING COMPANY'S
<u>PARTIAL MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. Plaintiffs Admit the Complaint Does Not Plead a Fraud Claim............................................. 2

III. Plaintiffs' Res Ipsa Loquitur Claim Fails Because the Aircraft Left Boeing's Exclusive Control Long Before the Flight at Issue. ........................................................................................ 2

IV. Conclusion ................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Darrough v. Glendale Heights Comm. Hosp.*,
   600 N.E.2d 1248 (Ill. App. Ct. 1992) .................................................................................3, 5

*DiIenno v. Libbey Glass Div., Owens-Illinois, Inc.*,
   668 F. Supp. 373, 379 (D.Del. 1987) (C.D. Ill. Jun. 6, 2017) ...................................................3

*Ewer v. Goodyear Tire & Rubber Co.*,
   480 P.2d 260 (Wash. Ct. App. 1971) ..................................................................................3, 6

*Harris v. GMC*,
   34 F. App'x 487 (7th Cir. 2002) ...............................................................................................4

*Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*,
   665 F.3d 930 (7th Cir. 2012) ....................................................................................................2

*Kruger v. Newkirk*,
   352 N.E. 2d 436 (Ill. App. Ct. 1976) ........................................................................................5

*Loizzo v. St. Francis Hospital*,
   459 N.E.2d 314 (Ill. App. Ct. 1984) .....................................................................................3, 6

*Martino v. Barra*,
   293 N.E.2d 745 (Ill. App. Ct. 1973) .........................................................................................5

*Moore v. Jewel Tea Co.*,
   253 N.E.2d 636 (Ill. App. Ct. 1969) .....................................................................................4, 5

*Napoli v. Hinsdale Hospital*,
   572 N.E.2d 995 (Ill. App. Ct. 1991) .........................................................................................3

*Rizzo v. Corning, Inc.*,
   105 F.3d 338 (7th Cir. 1997) ....................................................................................................4

*Schultz v. Hennessy Indus., Inc.*,
   584 N.E.2d 235 (Ill. App. Ct. 1991) .........................................................................................5

*Silverman v. General Motors Corp.*,
   425 N.E.2d 1099 (Ill. App. Ct. 1981) .......................................................................................5

*Smith v. United States*,
   860 F.3d 995 (7th Cir. 2017) ....................................................................................................6

*T.K. v. Boys & Girls Clubs of Am.*,
   2017 WL 2464435 (C.D. Ill. Jun. 6, 2017) ................................................................................6

*Wuench v. Ford Motor Co.*,
   432 N.E.2d 969 (Ill. App. Ct. 1982) .......................................................................................5

*Wells v. Nespelem Valley Elec. Cooperative, Inc.*,
   462 P.2d 855 (Wash Ct. App. 2020) ......................................................................................3

**Other Authorities**

Del. R. Evid. 304(b) ......................................................................................................................4

I.  **Introduction**

Boeing properly removed this matter and believes both that this Court has subject matter jurisdiction over this case and that the Court will therefore deny Plaintiffs' motion to remand. However, Boeing respectfully defers to the Court, in its discretion, on the appropriate timing to address Boeing's partial motion to dismiss.

Whenever the Court reaches Boeing's motion, Plaintiffs concede they have not sufficiently pled a claim for fraud, and so the Court should grant Boeing's motion as to that claim. As for *res ipsa loquitur*, Plaintiffs acknowledge that in order to plead such a claim, they must allege facts describing that the aircraft was within Boeing's "exclusive control" or under its "management or control," and argue that they have done so by simply alleging that Boeing designed and manufactured the aircraft. If this were the law, nearly every case involving a claim of defective design or manufacture—that is, almost every product liability claim—could be a *res ipsa loquitur* claim. But this is not the law. Plaintiffs' argument ignores longstanding and logical authority holding that a plaintiff cannot establish the requisite "control" where the allegedly defective product was long removed from the manufacturing process and under the operative control of a third party at the time of the plaintiff's alleged injury.

"Control" is a required element of a *res ipsa loquitur* claim in order to ensure that the possibility of intervening causes has been eliminated, and that responsibility has been properly assigned exclusively to the appropriate defendant. Indeed, the authorities relied on by Plaintiffs confirm that *res ipsa loquitur* does not apply when the period of time between the manufacture of the product and the alleged injury allows for a change in conditions or intervening acts that could reasonably have caused the injury-causing event. Here, it is uncontested that Boeing manufactured and delivered the aircraft to a third party 20 years before the flight in question, which was itself

flown not by Boeing but by a third-party airline. Plaintiffs' conclusory claim of control is therefore legally inadequate to plead a *res ipsa loquitur* claim.

Plaintiffs' fraud and *res ipsa loquitur* claims should therefore be dismissed.

## II. Plaintiffs Admit the Complaint Does Not Plead a Fraud Claim.

Plaintiffs do not contest Boeing's arguments that the Complaint fails to sufficiently plead a fraud claim. *See* Mem. at 4–9.[1] Rather, they "acknowledge that it will be necessary for them to amend their complaint to state their fraud claim with greater particularity." Opp. at 4. The parties are therefore in agreement that the Court should grant Boeing's motion with respect to Plaintiffs' fraud claim. While Plaintiffs argue that dismissal of their fraud claim should be made without prejudice, *id*, "it is well settled that a district court may refuse leave to amend where amendment would be futile." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012). Here, the Complaint as pled gives no indication that Plaintiffs will be able to cure the several deficiencies of their fraud claim. Nonetheless, because Plaintiffs have not previously amended, and recognizing that dismissal without prejudice would be commonplace in this circumstance, Boeing's motion did not expressly argue for dismissal with prejudice.

## III. Plaintiffs' *Res Ipsa Loquitur* Claim Fails Because the Aircraft Left Boeing's Exclusive Control Long Before the Flight at Issue.

Plaintiffs do not dispute that they allegedly suffered injury while aboard an aircraft owned and operated by Delta Air Lines, not Boeing. Mem. at 2. Plaintiffs also do not dispute that Boeing assembled and delivered the aircraft in 1998, some 20 years before the February 2018 flight in question. *Id*. Plaintiffs, moreover, do not allege that in the intervening two decades, the aircraft sat unused in its original condition until the flight at issue here. Nevertheless, they argue the

---

[1] For purposes of this brief, Plaintiffs' response to Boeing's motion to dismiss is cited as "Opp." and Boeing's memorandum in support of its motion to dismiss is cited as "Mem."

2

aircraft was under Boeing's "exclusive control" because Boeing designed and manufactured it, and that nothing more than this black-letter element of every product liability claim is required to plead "exclusive control" for purposes of the *res ipsa loquitur* doctrine. Opp. at 5–9. Plaintiffs misstate the law.

It is not enough that a defendant manufacturer had exclusive control over the instrument alleged to have caused the injury at the time of the alleged negligence—characterized by Plaintiffs to mean the time of manufacture. Plaintiffs' argument ignores that "[t]he reason for the exclusive control requirement is that it must appear that the negligence of which the doctrine warrants an inference is probably that of defendant and not of another." *Loizzo v. St. Francis Hosp.*, 459 N.E.2d 314, 317 (Ill. App. Ct. 1984). Therefore, to invoke *res ipsa loquitur*, the plaintiff must "eliminate the possibility that the accident was caused by someone other than" the defendant, *id*. at 318, and "[w]here there are differing possible causes of an accident . . . *res ipsa loquitur* will not be applicable." *Napoli v. Hinsdale Hosp.*, 572 N.E.2d 995, 998–99 (Ill. App. Ct. 1991).[2]

As explained in the cases cited by Plaintiffs, an intervening possession of the allegedly defective product or other acts or conditions "that could reasonably have caused the event resulting in the injury," renders *res ipsa loquitur* inapplicable. *Darrough v. Glendale Heights Comm. Hosp.*, 600 N.E.2d 1248, 1253 (Ill. App. Ct. 1992) (selectively quoted by Plaintiffs, *see* Opp. at 7); *Ewer v. Goodyear Tire & Rubber Co.*, 480 P.2d 260, 265 (Wash. Ct. App. 1971) (Opp. at 7) (the "exclusive control" element is satisfied "[even if] the defendant's control is not exclusive at the time of the accident, *provided* plaintiff proves that the condition of the product had not been

---

[2] *See Wells v. Nespelem Valley Elec. Cooperative, Inc.*, 462 P.3d 855, 860 (Wash. Ct. App. 2020) ("The issue of exclusive control serves to narrow the defendant as the source of a plaintiff's injuries, as opposed to some other party."); *DiIenno v. Libbey Glass Div., Owens-Illinois, Inc.*, 668 F. Supp. 373, 379 (D. Del. 1987) (for *res ipsa loquitur* to apply, the likelihood of other causes must be "so reduced that the greater probability of negligence lies at the…[defendant's] door") (internal citations omitted).

changed after it left defendant's control"). *See also Rizzo v. Corning, Inc.*, 105 F.3d 338, 340 (7th Cir. 1997) (a plaintiff seeking to invoke *res ipsa loquitur* doctrine must show that he or she did not misuse the product and that no "secondary cause" is responsible for the product's failure); *Moore v. Jewel Tea Co.*, 253 N.E.2d 636, 648 (Ill. App. Ct. 1969) ("It is sufficient if the instrument has been in the control of the defendant at a time prior to the injury and there is no rational ground upon which to impute negligence to another with respect to the instrumentality after it left the defendant's control.").[3]

Here, Plaintiffs do not—and cannot—allege there was no change in the aircraft's condition in the twenty years following its delivery; nor do they allege any basis for eliminating the possibility that it was used or maintained by third-parties in a way that caused Plaintiffs' alleged injuries. Indeed, the *only* allegations pertaining to the aircraft and flight at issue here are that the aircraft was designed and manufactured by Boeing and that (20 years later) "a contaminated air event occurred." Compl., Dkt. 1-1, ¶¶ 17–21. In fact, they admit that Delta actually owned and operated the aircraft (and thus by extension was responsible for its maintenance) at the time of the alleged event. The extremely long period of time between when the aircraft left Boeing's control (1998) and the time of the alleged injury (2018) renders Plaintiffs' "exclusive control" allegation legally inadequate as a basis for *res ipsa loquitur*. *See Harris v. GMC*, 34 F. App'x 487, 490 (7th Cir. 2002) (explaining that Illinois law "does not recognize [the applicability of the *res ipsa loquitur* doctrine] in product liability cases where the product has been out of the manufacturer's control for a significant amount of time").

---

[3] Plaintiffs contend that Boeing's "exclusive control" argument fails in the event Delaware law applies because Delaware does not require "exclusivity," but rather only the defendant's "management or control" of the alleged defective product. *See* Opp. at 6 n.1 and 7 (quoting Del. R. Evid. 304(b)). That would not change the analysis here. The Complaint does not plead any facts describing that Boeing had "management or control" over the aircraft at the time of the alleged incident in February 2018 nor at any time since 1998.

4

For example, in *Wuench v. Ford Motor Co.*, the plaintiffs used and possessed the allegedly defective automobile "for almost four months" before the injury-causing event. 432 N.E.2d 969, 971 (Ill. App. Ct. 1982). On that basis, the appellate court affirmed the dismissal at the pleading stage of their *res ipsa loquitur* claims, because "the intervening possession of the automobile presents plausible explanations for the accident other than the negligence of defendants." *Id.* *See also Schultz v. Hennessy Indus., Inc.*, 584 N.E.2d 235, 244 (Ill. App. Ct. 1991) (affirming dismissal of *res ipsa loquitur* claim because the plaintiff had owned the injury-causing instrumentality "for a period of several months and has used it on more than one occasion prior to the date of the accident," and so the "inference of negligence" was "destroy[ed]"); *Silverman v. Gen. Motors Corp.*, 425 N.E.2d 1099, 1104 (Ill. App. Ct. 1981) (rejecting application of the *res ipsa loquitur* doctrine where the injury-causing instrument left the exclusive control of the manufacturer-defendant 51 days prior to the injury and during which time others worked on the engine compartment).

In *Darrough*, by contrast, which Plaintiffs cite, the injury-causing instrument was out of the physical control of the defendant for a "short period of time," apparently a matter of minutes. 600 N.E.2d at 1253. The court there was thus easily able to exclude the possibility of a change in conditions or an intervening act. *See id.* Similarly, in *Kruger v. Newkirk*, which Plaintiffs also cite, the court specifically referred to the "short period of use" of the injury-causing instrument by the plaintiffs after it left the control of the defendant as one of the reasons why the doctrine could apply. 352 N.E.2d 436, 440 (Ill. App. Ct. 1976) (citing *Moore*, 253 N.E.2d at 648, in which the court applied *res ipsa loquitur* when the defendant "relinquished control [of the injury-causing product] approximately 10 months prior to the accident," but there was no use of the product until the injury-causing event, and *Martino v. Barra*, 293 N.E.2d 745,

5

749 (Ill. App. Ct. 1973), in which the injury occurred 15 days after faulty repair work was performed and the doctrine of *res ipsa loquitur* was applied).[4]

Plaintiffs have not alleged any facts that render relevant or applicable the cases they cite involving a short period of time between physical control of the product by the defendant and the alleged injury. More to the point, they do not cite a single case applying *res ipsa loquitur* on facts such as those present here where the product in question left the manufacturer's control two decades before the accident and was under the control and operation of a third party during the intervening period and at the time of the accident. The Complaint does not (and logically cannot) allege, for example, that the plane sat unused in storage in the 20 years following manufacture and delivery, or that in 20 years of use it was never subject to maintenance so as to plausibly "eliminate the possibility" that Plaintiffs' alleged injury resulted exclusively from alleged conduct by Boeing. *Loizzo*, 459 N.E.2d at 318. Far from it, Plaintiffs plead nothing other than a conclusory statement that Boeing maintained "exclusive control," which does not satisfy their pleading burden. *See T.K. v. Boys & Girls Clubs of Am.*, 2017 WL 2464435, *6 (C.D. Ill. Jun. 6, 2017) (plaintiff's conclusory allegation that the injury-causing instrumentality was "under the exclusive control" of the defendant was not sufficient to plead *res ipsa loquitur* where the complaint also alleged another party had control).

---

[4] Plaintiffs' other authorities are distinguishable on the same basis. In *Ewer*, the injury was caused by a tire that left the manufacturer's control about one year prior to the accident, and, during that year, the tire sat in a distributor's warehouse without interference until the day it was installed on the plaintiff's truck and caused the injury. 480 P.2d at 264–65. *Smith v. United States*, 860 F.3d 995 (7th Cir. 2017), did not involve a claim against a product manufacturer. Instead, the court applied *res ipsa loquitur* to hold the government liable for injuries sustained by an inmate because of a broken stool. *Id.* at 1000. The court held that the stool remained in the government's exclusive control when the inmate was temporarily left alone, on the stool, with his attorney and no government representatives were present. *Id.*

## IV. Conclusion

Plaintiffs have pled a standard products liability case and nothing more. Their allegations fall far short of the requirements for pleading fraud or *res ipsa loquitur*, and those claims should be dismissed.

Dated: June 25, 2020

Respectfully submitted,

By: /s/ Dan K. Webb

| **Perkins Coie LLP** | **Winston & Strawn LLP** |
|---|---|
| V.L. Woolston | Dan K. Webb |
| Todd W. Rosencrans | Christopher B. Essig |
| (*pro hac vice applications forthcoming*) | Joseph L. Motto |
| 1201 Third Avenue, Suite 4900 | 35 W. Wacker Dr. |
| Seattle, WA 98101 | Chicago, IL 60601 |
| T. (206) 359-8000 | T. (312) 558-5600 |
| VWoolston@perkinscoie.com | F. (312) 558-5700 |
| TRosencrans@perkinscoie.com | DWebb@winston.com |
| | CEssig@winston.com |
| | JMotto@winston.com |
| | |
| | Sandra A. Edwards |
| | (*pro hac vice application forthcoming*) |
| | 101 California Street |
| | San Francisco, CA 94111 |
| | T. (415) 591-1000 |
| | F. (415) 591-1400 |
| | SEdwards@winston.com |

*Attorneys for The Boeing Company*

7

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 25, 2020, I caused a true and correct copy of the foregoing to be filed via CM-ECF, and thereby served on all parties of record.

                    */s/ Joseph L. Motto*
                     Joseph L. Motto